Thomas KNIPPLE, Appellant
(Plaintiff Below),

v.

UNITED STEELWORKERS OF AMER-
ICA, LOCAL 3133, Appellee
(Defendant Below).

No. 45A03–8607–CV–197.

Court of Appeals of Indiana,
Third District.

March 24, 1987.

David K. Ranich, Murphy, McAtee, Murphy & Constanza, East Chicago, for appellant.

Allen J. Mindel, Pannos & Mindel, Merrillville, Richard J. Brean, Pittsburgh, Pa., for appellee.

STATON, Judge.

This is an appeal from an order under Indiana Rules of Procedure, Trial Rule 12(B)(1) dismissing a cause of action for lack of subject matter jurisdiction. Thomas Knipple (Knipple) brought suit alleging that due to animosity and enmity, certain members of the United Steelworkers of America, Local 3133 (Union), had intentionally engaged in conduct causing disgrace, humiliation, ruin, and ultimately discharge from his job. Knipple worked at the Calumet Steel Castings Corporation where he represented the company in adversary proceedings against the Union. The sole issue we must address is whether the subject matter of Knipple's suit was within the exclusive jurisdiction of the National Labor Relations Board.

Affirmed.

In *Hechler v. International Brotherhood of Electrical Workers, AFL–CIO* (C.A. 11, 1985), 772 F.2d 788, *reh. den.*, 778 F.2d 793, *cert. granted,* — U.S. —, 106 S.Ct. 1967, 90 L.Ed.2d 652, the issue of federal preemption under the Labor Management Relations Act, 1947 (Act), 29 U.S.C. § 141 et seq. was discussed as follows:

> ... a review of relevant Supreme Court precedent establishes three factors that must be present before state courts may assert jurisdiction and avoid federal preemption; (1) the state action must be of peripheral concern to federal labor law; (2) the state action must involve conduct in which a state has an overriding interest and which is deeply rooted in local concern; and (3) there must be little risk that the state cause of action will interfere with the effective administration of federal labor policy.

Id. at 792.

In the instant case, it was the Union's position that Knipple's claim was preempted because it was not of peripheral concern to federal labor law. The Union argued that Knipple's claim touched upon Section 8(b)(1)(B) of the Act, 29 U.S.C. § 158(b)(1)(B). That section provides that it shall be an unfair labor practice for a labor organization or its agents to restrain or coerce an employer in the selection of his representatives for the purposes of collective bargaining or the adjustment of grievances.

Although Knipple maintained in his brief that the Union did not coerce his former employer in any way, that claim is not sufficient to avoid preemption. Two decisions from the United States Supreme Court explain why.

A case entitled, *Local 926, International Union of Operating Engineers, AFL–CIO v. Jones* (1983), 460 U.S. 669, 103 S.Ct. 1453, 75 L.Ed.2d 368, is factually similar to the one at bar. *Jones* involved a breach of contract claim brought by a supervisor who was discharged at the request of a labor union. In deciding that the state claim was preempted, the Supreme Court reasoned that if state causes of action involving non-coercive interference were permitted to go forward, the state court would be required in the first instance to decide whether the union's conduct was coercive and preempted by 29 U.S.C. § 158(b)(1)(B), or non-coercive and the proper subject of a state suit. That decision regarding federal labor law is for the National Labor Relations Board. *Id.* at 682, 103 S.Ct. at 1462.

Our conclusion that Knipple's claim was preempted by federal law is further supported by the teachings contained in *San Diego Building Trades Council v. Garmon* (1959), 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. In that case the Court held that if the conduct that the state seeks to regulate or to make the basis for liability is actually or arguably protected or prohibited by the Act, it is preempted by federal law. In the instant case, the Union argues that its noncoercive attempt to influence the company to change supervisors is arguably protected under Section 7 of the Act, 29 U.S.C. § 157 (right of employees to organize and bargain collectively). The argu-

able nature of the Union's position was acknowledged in *Jones, supra,* 460 U.S. at 683–84, 103 S.Ct. at 1462–63. In light of the *Garmon* rationale and the acknowledgment in *Jones* that the Union's noncoercive influence was arguably protected under the Act, we have another reason to determine that Knipple's claim was preempted by federal law.

Knipple seeks to avoid the consequences mandated by *Garmon* and *Jones* by arguing that his claim is not one for damages caused by his discharge, but for emotional distress caused by the Union's activities. *Farmer v. American Brotherhood of Carpenters* (1977), 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (the Act does not preempt an action for intentional infliction of emotional distress). His effort must fail, however, because he did not preserve this issue for our review by raising it in his motion to correct errors. Thus, this issue was waived. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7); *United Leaseshares, Inc. v. Citizens Bank & Trust Co.* (1984), Ind.App., 470 N.E.2d 1383, 1390.

The trial court properly determined that it did not have subject matter jurisdiction over Knipple's claim, and its judgment is affirmed.

CONOVER, P.J., and HOFFMAN, J., concur.